The evidence tending to connect the defendants with the burglary is wholly circumstantial, and insufficient to exclude every reasonable hypothesis save that of the guilt of the accused.
 DECIDED JANUARY 28, 1943. *Page 803 
The defendant were convicted of burglary. The corpus delicti was proved. The evidence relied on by the State to connect the defendants with the crime is wholly circumstantial. It is insufficient to sustain the verdict of guilty. The only evidence which tends to connect the defendants with the crime is as follows: They were familiar with the place burglarized. On the eve of the burglary the defendants borrowed a car from Dewey Scroggs. The car was found by the officers next day in the woods near the home of one Puryear. In the car was found a small amount of sugar, between the front and back seats. The defendants were found a short distance from the car, unconsciously drunk, with a brother of one of the defendants, who was a fugitive from justice. There were some kitchen utensils near. The condition of the utensils and the place where they were located indicated that some one had been cooking and eating there. From the record it may be inferred that the fugitive had used these utensils while hiding out. A short distance from where the defendants were found in such drunken condition lived Puryear. The officers found in his house certain articles similar to the articles taken from the burglarized store. No one identified these articles or any of them as being articles which were taken from the store. The nearest approach to identification was that they were similar articles. There were no special marks or brands. The owner of the burglarized store testified that he could not identify any of the articles as those removed from the building which was burglarized. None of the articles were found in the possession of either of the defendants, nor was there anything to indicate that either of them had anything to do with the articles recovered from Puryear, other than as above stated. A quantity of flour, meat, sugar, ham, steaks, pork chops, breakfast bacon, cigarettes and chewing tobacco, were missing from the store which was burglarized. There was found in Puryear's house a quantity of flour and sugar and several pounds of sliced ham. Among the twelve or more sacks of flour found in Puryear's house was one sack of the brand missing from the store. The officers seized that sack of flour and the ham. Puryear, a State's witness, *Page 804 
testified that the flour and sugar belonged to him, with the exception of the one sack of the brand missing from the store. As to this sack he testified that he had no distinct recollection of having purchased it, but that in the lot he had purchased this sack might have been included. As to the ham Puryear testified that he did not know how that came to be in his house; that one of his children who was sick in bed stated that when he, Puryear, was away some one whom the child did not see or know went into the kitchen and cooked something, ate, and left. The child thought it was some member of the family.
So far as the record shows this is all the evidence that tends to connect the defendants with the crime. Such is insufficient to exclude every reasonable hypothesis save that of the guilt of the accused. The court erred in overruling the motion for new trial.
Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.